**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States, | ) | No. CV-09-8197-PCT-MHM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Frank Melluzo, et al., | ) | |
| Defendants. | ) | |

Currently pending before the Court are Defendants Jennie Cimarelli, Aladino Cimarelli, and the Cimarelli Family Trust's Motion to Appoint Counsel, (Dkt.#31), Motion to Continue the Rule 16 Scheduling Conference, (Dkt.#34), and Plaintiff the United States' Motion to Strike the Answer Filed on Behalf of Defendants Aladino Cimarelli and The Cimarelli Family Trust, (Dkt.#33), and Motion to Strike the Motion to Continue, (Dkt.#35). After reviewing the record and determining oral argument unnecessary, the Court issues the following Order.

On November 2, 2009, the United States filed suit against Frank Melluzzo, Wanita Melluzzo, and the Frank and Wanita Melluzzo Family Trust ("the Melluzzo Defendants"), and Aladino Cimarelli and Jennie Cimarelli and The Cimarelli Family Trust ("the Cimarelli Defendants") for claims of trespass, conversion, and unjust enrichment. The United States alleges that the Melluzzo and Cimarelli Defendants engaged in mining and extraction related activities on property belonging to the federal government. Specifically, the United States

contends that the Melluzzo and Cimarelli Defendants are successors-in-interest to an individual who was granted a surface interest in a tract of land pursuant to the Stock-Raising Homestead Act of 1916, 43 U.S.C. §§ 291-302. The United States contends that, pursuant to the Act, the original conveyance granted only the surface estate with the mineral estate reserved for the federal government. Accordingly, the United States alleges that the Melluzzo and Cimarelli Defendants never possessed the legal title required to mine and extract resources from the property or to authorize other individuals to engage in the same.

On April 7, 2010, this Court held a status hearing to resolve the issue of whether Jennie Cimarelli, who has been appearing pro se in this litigation, would be permitted to act in a representative capacity on behalf of The Cimarelli Family Trust, as well as her husband, Aladino Cimarelli, who is afflicted with Alzheimer's Disease. At the hearing, the Court noted that once a civil lawsuit has been commenced, parties may prosecute their own cases personally or by counsel, but a non-attorney has no authority to appear or act on behalf of others. See Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). The Court informed Mrs. Cimarelli that she may not represent The Cimarelli Family Trust in this litigation, even if she is the trustee. See R. Charles Bryfogle/MacKenzie Trust (1998) v. Afinowich, No. 1 CA-CV 06-0790, 2007 WL 5463550, at *3 (Ariz. Ct. App. Nov. 1, 2007) (noting that a trust may only be represented in court by a licensed attorney). The Court also told Mrs. Cimarelli that she may not act in a representative capacity on behalf of her husband, Mr. Aladino Cimarelli, irrespective of their close family relationship or any power of attorney that she may hold over Mr. Cimarelli's affairs due to his unfortunate illness. See Byers-Watts v. Parker, 18 P.3d 1265, 1269-1270 (Ariz. Ct. App. 2001); Haberkorn v. Sears, Roebuck & Co., 427 P.2d 378, 380 (Ariz. Ct. App. 1967).

The Court also noted at the hearing that Mr. Cimarelli and The Cimarelli Family Trust might be subject to a default judgment, should they remain unable to secure legal representation to enter an appearance on their behalf in this litigation (although Mr. Cimarelli may theoretically appear pro se and represent himself). At the conclusion of the hearing, the Court informed Mrs. Cimarelli that she would have until April 14, 2010 to submit paperwork

1  detailing her family's finances in order to file a motion seeking court appointed counsel.

2  On April 14, 2010, Mrs. Jennie Cimarelli submitted a motion on behalf of herself, Mr.
Cimarelli, and The Cimarelli Family Trust, requesting that the Court appoint counsel to assist
them in defending this lawsuit. (Dkt.#31). That motion was accompanied by a completed
application to proceed in forma pauperis. On April 23, 2010, the United States filed a notice
of non-opposition to the Cimarelli Defendants request for court appointed counsel. (Dkt.#32).
That same day, April 23, 2010, the United States moved the Court to strike the Answer Mrs.
Cimarelli had previously submitted on behalf of herself and the other Cimarelli Defendants.
(Dkt.#33). The United States argued that the Cimarelli Defendants' Answer should be struck
to the extent it purports to make an appearance on behalf of Mr. Cimarelli and The Cimarelli
Family Trust. On April 23, 2010, Mrs. Cimarelli filed an additional motion on behalf of
herself and the other Cimarelli Defendants, requesting that the Court postpone the Rule 16
Scheduling Conference set for May 5, 2010 until after it rules on the outstanding Motion to
Appoint Counsel. (Dkt.#34). The United States again moved to strike this submission insofar
as the motion to postpone the Rule 16 hearing attempts to make an appearance on behalf of
Mr. Cimarelli and The Cimarelli Family Trust. (Dkt.#35).

With respect to the Cimarelli Defendants' Motion to Appoint Counsel, it must be
noted that here is no constitutional right to counsel in a civil case. Ivey v. Bd. of Regents of
Univ. of Alaska, 673 F.2d 266, 269 (9th Cir. 1982). Under the in forma pauperis statute, 28
U.S.C. § 1915, the district court is nevertheless empowered to request the appointment of pro
bono counsel to represent any person unable to afford counsel. 28 U.S.C § 1915(e)(1);
United States v. Madden, 352 F.2d 792, 794 (9th Cir. 1965). But this is only done in
"exceptional circumstances," Weller v. Dickson, 314 F.2d 598, 600 (9th Cir.), cert. denied,
375 U.S. 845, (1963), and courts cannot compel a lawyer to take on representation of a civil
litigant. Mallard v. U.S. District Court for the Southern District of Iowa, 490 U.S. 296
(1989). In addition, "[c]ourts are reluctant to appoint counsel for persons who could retain
legal services independently because § 1915(e) is expressly directed to indigent parties."
Gonzalez v. Ariz. Dep't of Health Servs., No. CV 08-2391-PHX-DGC, 2009 U.S. Dist.

LEXIS 15903, *6 n.4 (D. Ariz. Feb. 13 2009).[1]

Although the Court is sympathetic to the situation in which Mr. and Mrs. Cimarelli now find themselves in, the Court cannot grant their request to appoint counsel pursuant to 28 U.S.C. §1915. Upon review, the financial information submitted by Mr. and Mrs. Cimarelli does not support a request by this Court for the appointment of counsel. As mentioned above, appointment of counsel in a civil case is rarely invoked and is typically reserved for indigent litigants. See Gonzalez, 2009 U.S. Dist. LEXIS 15903, *6 n4. While by no means possessing unlimited resources, Mr. and Mrs. Cimarelli do not fall within the financial category of litigants who are typically granted in forma pauperis status or considered for court appointed representation. In addition, the Cimarelli's Motion for Appointment of Counsel does not include any pertinent financial information related to The Cimarelli Family Trust, and there is no indication that the Court may properly appoint counsel for that entity. Because the Court will not request that outside counsel assume representation of Mr. Cimarelli or The Cimarelli Family Trust, these two Defendants must enter a valid appearance in this lawsuit or face the prospect of a default judgment.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Defendants Jennie Cimarelli, Aladino Cimarelli, and the Cimarelli Family Trust's Motion to Appoint Counsel. (Dkt.#31).

**IT IS FURTHER ORDERED** that although Mrs. Cimarelli may sign legal papers and appear in court on her own behalf, she may not represent the interests of her husband or The Cimarelli Family Trust, regardless of any power of attorney – special or otherwise – that Mrs. Cimarelli may hold.

**IT IS FURTHER ORDERED** denying Mrs. Cimarelli's Motion to Continue the Rule

---

[1] 28 U.S.C. § 1915 reads in pertinent part: "any court of the United States may authorize the commencement, prosecution or defense of any suit . . . without prepayment of fees and costs or security therefor, by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C.A. § 1915(a)(1).

| | |
|---|---|
| 1 | 16 Scheduling Conference. (Dkt.#34) |
| 2 | **IT IS FURTHER ORDERED** granting the United States' Motion to Strike the |
| 3 | Motion to Continue, insofar as the Motion attempts to make an appearance on behalf of Mr. |
| 4 | Cimarelli and The Cimarelli Family Trust. (Dkt.#35). |
| 5 | **IT IS FURTHER ORDERED** granting the United States' Motion to Strike the |
| 6 | Answer, insofar as the Answer attempts to make an appearance on behalf of Mr. Cimarelli |
| 7 | and The Cimarelli Family Trust. (Dkt.#33). |
| 8 | **IT IS FURTHER ORDERED** moving the Rule 16 Scheduling Conference currently |
| 9 | set May 5, 2010 in TIME ONLY from 4:00 p.m. to 4:30 p.m. |
| 10 | **IT IS FURTHER ORDERED** granting leave for Mrs. Cimarelli appear |
| 11 | telephonically for the Rule 16 Scheduling Conference. |
| 12 | DATED this 3rd day of May, 2010. |

_____
Mary H. Murguia
United States District Judge